IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Hand-Delivered

| | |
|---|---|
| Rupa Vickers Russe ) | |
| 176 Shawsville Pike NE, ) | |
| Check, Virginia, 24072 ) | |
|     Plaintiff, ) | COMPLAINT |
| v. ) | (REQUESTED TO FILED UNDER SEAL) |
| ) | |
| Cindie Harman, ) | |
| 500 Mountain View, ) | |
| Hot Springs, North Carolina 28743 ) | |
|     Defendant. ) | |

NOW COMES Plaintiff, pursuant to North Carolina Common Law, N.C.G.S. § 75-1.1, complaining of Defendant, alleges as follows:

PARTIES & JURISDICTION

1. This is an action for defamation (libel per se) and damages in excess of $75,001.00 exclusive of interests, costs, and attorney's fees.

2. That Rupa Vickers Russe (hereinafter "Plaintiff") is an individual over the age of 18 years of age, and resident of Floyd County, Virginia.

3. Upon information and belief, Defendant Cindie Harman, (hereinafter "Defendant") is an individual over the age of 18 years of age, and a resident of Madison County, North Carolina.

4. Upon information and belief, at all relevant times herein, Defendant wrote, published and distributed via the world wide web a website titled www.savemadisoncounty.org, from her home in Western North Carolina, which contained false statements about Plaintiff.

1

5. Both parties are residents and citizens of different states at the time of this filing, and the amount in controversy is over $75,001.00 dollars, therefore this court is the proper Venue for this action.

## BACKGROUND

6. The Plaintiff incorporates herein paragraphs 1 through 5 of this Complaint.

7. Upon information and belief, Plaintiff and Defendant have never met, nor ever had a personal verbal conversation.

8. During 2020 Plaintiff attempted unsuccessfully to get her name on the ballot for a public seat as an unaffiliated candidate in March 2020; then in July 2020 Plaintiff gained the Madison County Democratic Party nomination for, and ran for public office during the general election for a Madison County Board of Commissioners' seat, as a Democrat candidate.

9. In October and November 2020 Plaintiff became aware that Defendant had published specific false statements about Plaintiff on Defendant's public website, www.savemadisoncounty.org, including but not limited to:

   a. "Rupa has a rap sheet of over 24 pages long, which includes Foreclosure, bankruptcy larceny and abuse of her daughter."

   b. "Took someone else's trademark-assaulted her child-Tax delinquent Buncombe-Larceny Buncombe and the beat goes on…"

   c. "Ruppa Russe - the idiot with the rap sheet of larceny, assault - delinquency of taxes etc…"

   b. "Maybe the skillsets you mean are the facts that you like to bully individuals on

2

facebook and assault your own children?"

    e.    "She has a rap record of over 24 pages long, which includes larceny - more assault and delinquent taxes."

10. Upon information and belief, Defendant is the sole owner, operator, and publisher of her website, www.savemadisoncounty.org, on which she has published her multiple public false statements about Plaintiff.

11. Upon information and belief, Defendant paid for and distributed at polling stations around Madison County and along roadways signs that read "Don't Get Duped By Rupe", and made reference to these signs being about Plaintiff on Defendant's website with the statements:

    a.    "My beautiful "Don't Get Duped By Rupa Signs"; and

    b.    "Don't Get Duped by Rupa. Let me know if you need one of my signs"

12. Upon information and belief, Defendant published Plaintiff's 2019 arrest warrant while publishing statements as fact such as "look what she did to her daughter", but has never published the voluntary dismissal of those charges, or any retraction of her false statements.

13. Upon information and belief, Defendant published false statements indicating Plaintiff had been convicted of having committed assault on a child.

14. Upon information and belief, Defendant has not had access to Plaintiff's personal records and has no personal knowledge of Plaintiff's financial records, business dealings, and has intentionally, with actual malice, lied about Plaintiffs' public civil and criminal record.

15. Plaintiff has never filed for Bankruptcy.

16. Plaintiff has never been convicted of larceny.

17. Plaintiff has never been charged with assault of a child, and has never been convicted of assault.

18. Upon information and belief, at all times the Western North Carolina Bankruptcy Court website and records have correctly shown that Plaintiff had never filed for Bankruptcy.

19. Upon information and belief, Defendant had knowledge of how to access the public records on the Western North Carolina District Court's website, as Defendant published a copy of the lawsuit Plaintiff had filed in this Court in 2020.

20. Upon information and belief, at no time has Defendant ever inquired of Plaintiff if Defendant's statements were truthful prior to or after publishing her statements.

21. Upon information and belief, Defendant's statements targeting Plaintiff, as a private citizen, have continued since after the November 2020 election, including but not limited to random mentions as a way to grab her website viewers attention to the "character" Defendant has attempted to make of Plaintiff as one who is interested in conning the people of Madison County, including, "A Rupa Russe- Dave's 209 darling"; and "The Rupa's of this world are our enemies".

22. Upon information and belief, Defendant's statements were made with reckless disregard and malice.

23. Upon information and belief, Defendant is prohibited under N.C.G.S. §163-274 from publishing false statements about a candidate for public office during a general election cycle.

24. Upon information and belief, Defendant's defamatory statements about Plaintiff on Defendant's website have been shared via links to her statements online via websites such

4

as Facebook by residents of Madison County, North Carolina, and by residents of California.

25. Upon information and belief, Defendant has posted extensively about being a supporter of the Trump Army and has had her website removed by her hosting company due to her statements on her website that supported the actions leading up to and on January 6, 2021 at the Washington D.C. capital including the following statements:

   a. "The Press is the "Enemy of the People," and they are scared to death because Donald Trump and his patriots will not die."; and

   b. "The Democrats damage everything they touch Institutions - Your lives - Your Freedoms- Your elections - Your history and heritage. Make them Pay…"; and

   c. "Start your administration today Mr. President…and we will start the Civil war to remove the Democrats-CH".

26. Upon information and belief, Defendant has published statements on her website that imply aggression and a call to destiny for "Patriots", which implies participation in January 06, 2021-and similar events, including but not limited to:

   a. "Make them pay"

   b. In a post calling on Madison County patriots to join Gideon's Army, "The Deep State and these families want to take everything from you - they want to own you. You will own nothing not even your children."

   c. "We live in a great time; we have a chance to change the evil that has been in force in our country and our world for many generations."

   d. "big things are about to happen, and the Deep State and Leftist Democrats are panicking. Nothing can stop what is coming nothing and they can't put out our

light because the truth will prevail through all....CH"

  e. "Your turn to stand up and fight for your country. Trust the plan the Patriots have in place. To clean up the mess in 2021 that we began to see clearly in 2020 will take extraordinary efforts by each Patriot who loves freedom and our nation founded under God. Many military patriots in our country asked [Trump] to lead the fight against the Deep State and their plan of "The Great Reset"."

  f. "The Rupa's of this world are our enemies"

27. Upon information and belief, Defendant has made false statements on her website accusing Plaintiff of engaging in voter fraud and that Defendant has reported Plaintiff for that fraud to the North Carolina State Board of Elections. Defendant has published the public record of the names of every individual who signed Plaintiff's petition to get on a ballot as an unaffiliated candidate in March 2020, and ridiculed those signors on her website.

28. Upon information and belief, Defendant has recorded her own voice pretending to be Plaintiff and published her statements in a segment called "Rupas Beans", pretending to be Plaintiff in order to create dramatic material for her website visitors to listen to.

29. Upon information and belief, Defendant has downloaded Plaintiff's youtube videos and then uploaded them to her own personal youtube channel in violation of Plaintiff's copyright, and has benefitted from the views on her personal youtube channel with Plaintiff's original video.

<u>CLAIM ONE: PLAINTIFF'S CLAIM FOR LIBEL PER SE</u>

<u>DEFAMATION AGAINST DEFENDANT</u>

6

30. The Plaintiff incorporates herein paragraphs 6 through 29 of this Complaint.

31. On approximately October 09 or thereafter, Plaintiff learned of Defendant's following public false statements published on Defendant's website, www.savemadisoncounty.org, which include but are not limited to:

   a. "Took someone else's trademark-assaulted her child-Tax delinquent Buncombe-Larceny Buncombe and the beat goes on";

   b. "Now we know Rupa has a rap sheet of over 24 pages long, which includes Foreclosure, bankruptcy larceny, and abuse of her daughter."

   c. "Rupa Russe will destroy this County, the last thing we need is her involved with money.";

   c. "Rupa - her Bankruptcy and her Foreclosure";

   d. "Look what she did to her daughter" along with a screenshot of Plaintiff's arrest warrant.

   e. "Child popper - Rupa Russe"

   f. "Ruppa Russe - the idiot with the rap sheet of larceny - assault"

   g. "She has a record of over 24 pages long, which includes larceny - more assault"

32. Upon information and belief, at the time of Defendant's statements, all of her statements could have been shown to be false had Defendant exercised ordinary care to determine whether her statements were false.

33. Upon information and belief, Defendant intentionally misrepresented Plaintiff's professional, civil and criminal record with actual malice against Plaintiff as a licensed

7

professional and as a candidate for public office for the public records clearly shows whether Plaintiff had been convicted of, or had factually committed the acts Defendant accused Plaintiff of (i.e. stealing someone's trademark).

34. Upon information and belief, Defendant's posts that misrepresented Plaintiff's financial, professional, civil, and criminal record caused Plaintiff emotional distress such that Plaintiff had anxiety for her safety in Madison County, NC, and for Plaintiff's plan to practice her profession in the small rural county where she resided at the time of these statements.

35. That the emotional distress caused by Defendant's published statements caused Plaintiff to seek medical care for the humiliation and anxiety the Defendant's false statements caused Plaintiff, and fears for Plaintiff's safety and ability to practice are licensed profession successfully in Madison County.

## CLAIM TWO: PLAINTIFF'S CLAIM FOR LIBEL PER QUOD DEFAMATION AGAINST DEFENDANT

36. The Plaintiff incorporates herein paragraphs 30 through 35 of this Complaint.

37. Upon information and belief, Defendant published false statements that indicated Plaintiff had been convicted of assaulting a child, by calling Plaintiff a "child popper" while posting screenshot images of Plaintiff's old arrest warrant for assault, not for assault of a child.

38. Upon information and belief, Defendant never exercised ordinary care to determine if Plaintiff had been convicted of assault of a child, yet made multiple false statements about Plaintiff being a "Child popper".

39. On approximately October 09, 2020 or thereafter, Plaintiff learned of Defendant's false and defaming statements designed to castigate Plaintiff as a "grifter", "liar", "fraud" all intended to undermine public confidence in Plaintiff's fiduciary, moral, and ethical skills which are required of Plaintiff in her profession as a licensed Attorney; Defendant published on her website for public consumption, the following libelous statements which include but are not limited to:

   a. "Rupa Russe will destroy this County, the last thing we need is her involved with money." After publishing multiple statements that Plaintiff had filed for Bankruptcy;

   b. "This woman is a con and a train wreck and wants to freeload off this County"

   c. "An attorney is also supposed to have "moral fitness" that makes him worthy of his client's trust [ . . . ] Rupa is "Not" an attorney and is "NOT LICENSED" in NC to practice law PERIOD. Rupa is desperate and lying again - Who wants to vote for a liar?" These statements were made with the intention of discrediting Plaintiff as a liar after Plaintiff posted on social media about Plaintiff's recent approval to practice law in North Carolina, and that her professional license would be "ordered and mailed within 4-8 weeks".

   d. "Look what she did to her daughter" including the image of Plaintiff's arrest warrant.

   e. "Rupa is desperate and lying again."

   f. "The Rupa's of this world are our enemies."

40. Upon information and belief, at the time of Defendant's statements, all of her statements

9

were designed to place into question Plaintiff's ethical and fiduciary skills by the public, as voters and/or as consumers of Plaintiff's professional services as a licensed attorney.

41. Upon information and belief, all the libelous false statements made by Defendant were not based in fact, but could have been determined to be false had Defendant exercised ordinary care to determine whether her statements were false (i.e. Defendant's claims of Plaintiff's fiduciary incompetence, capacity for assault, and morally decrepit as a "liar").

42. Upon information and belief, Defendant's posts that misrepresented Plaintiff's financial and criminal record caused Plaintiff emotional distress such that Plaintiff had anxiety for her safety in Madison County, NC, and for Plaintiff's plan to practice her profession in the small rural county where she resided at the time of these statements.

43. The Defendant's publicly published false statements caused Plaintiff to seek medical care for the emotional distress of humiliation and anxiety which had physical impacts requiring medication due to Defendant's statements, the public sharing of those false statements, and the concern for the potential impact on Plaintiff's newly launching professional career prospects in the small rural county Plaintiff was resident of, at the time pertinent to this matter.

## CLAIM THREE: UNFAIR AND DECEPTIVE TRADE PRACTICES

44. The Plaintiff incorporates herein paragraphs 36 through 43 of this Complaint.

45. Upon information and belief, pursuant to N.C.G.S. § 75-1.1, Defendant engaged in unfair and deceptive trade practices when she falsely stated on her website, www.savemadisoncounty.org, that Plaintiff had filed for Bankruptcy.

46. Upon information and belief, pursuant to N.C.G.S. § 75-1.1, Defendant engaged in unfair

and deceptive trade practices when she falsely stated on her website, www.savemadisoncounty.org, the following:

    a.    "Rupa - her Bankruptcy and her Foreclosure"

    b.    "Rupa is desperate and lying again." In response to Plaintiff advertising her upcoming legal services in Madison County.

    c.    "Rupa Russe will destroy this County, the last thing we need is her involved with money."

    d.    "Child popper - Rupa Russe", as assault of a child is a felony;

    e.    "Took someone else's trademark", when Plaintiff's professional services include assisting applicants for trademarks before the U.S.P.T.O.

    f.    That Plaintiff, "Turkey Vultures feasting on your naivety, thinking you won't figure it out."

    g.    "Fake and hiding who they indeed are", in reference to Plaintiff and another Candidate.

    h.    "She is lying and selling snake oil to anyone who will listen."

47. Upon information and belief, Plaintiff's ability to perform her fiduciary duty competently was publicly impeached by Defendant's statement that Plaintiff had filed for Bankruptcy.

48. Upon information and belief, pursuant to N.C.G.S. § 75-1.1, Defendant engaged in unfair and deceptive trade practices when she falsely stated on her website, www.savemadisoncounty.org, that Plaintiff had taken "someone else's trademark".

49. Upon information and belief, Plaintiff has been damaged by these false statements because the statements attribute conduct, characteristics and conditions incompatible with the proper exercise of Plaintiff's professional fiduciary and ethical duties which are

11

fundamental as an Attorney at Law, and aspersions casting doubt on those skillsets render Plaintiff undesirable as a Licensed Attorney for potential clients.

## CLAIM FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. The Plaintiff incorporates herein paragraphs 44 through 49 of this Complaint.

51. Upon information and belief, Defendant recklessly targeted Plaintiff in order to draw attention to her website, and to influence consumer and/or voters choices based on false statements about Plaintiff, inducing but not limited to the following:

    a. "The Rupa's of this world are our enemies."

    b. "Rupa is desperate and lying again." As a direct false statement designed to undermine the public's faith in Plaintiff's credentials as a recently approved licensed Attorney in North Carolina.

    c. "Rupa Russe will destroy this County, the last thing we need is her involved with money."

    d. "Child popper - Rupa Russe";

    e. "Took someone else's trademark";

    f. "This woman is a con and a train wreck and wants to freeload off this County"

    g. "She has a record of over 24 pages long, which includes larceny - more assault"

    h. "Ruppa Russe - the idiot with the rap sheet of larceny, assault - delinquency of taxes etc…"

    i. "Maybe the skillsets you mean are the facts that you like to bully individuals on facebook and assault your own children?"

52. Upon information and belief, Defendant paid for and distributed at polling stations

12

around Madison County and along roadways signs that read "Don't Get Duped By Rupe" intentionally castigating Plaintiff as a con-woman in both her candidacy and in her licensed profession, and specified these signs were about Plaintiff on Defendant's public website with the statements:

   a. "My beautiful "Don't Get Duped By Rupa Signs";

   b. "Don't Get Duped by Rupa. Let me know if you need one of my signs"

53. Upon information and belief, that Defendant's outrageous conduct was intended to cause severe emotional distress based on Defendant's public statements on her website which indicate a plan to attack, embarrass and harass Plaintiff through extreme and outrageous statements and actions, including Defendant's printing of and distribution of her "Don't Get Duped by Rupe" signs,

   a. "I will tell you one thing if you Democrats tomorrow vote to put this train wreck on the rail to be on the November ballot. I will go to every County listed below and research the background for all these litigations" and

   b. "Boo Hoo poor Pimple Child Popper-Rupa Russe complaining she is being bullied-Honey, if you can't take the heat, get out of the kitchen. Because it is going to get hotter…"

54. That Defendant's aforementioned public false statements indicate Defendant's reckless indifference to the likelihood that her statements would cause severe emotional distress.

55. That Plaintiff suffered emotional distress in the form of humiliation, fear for her safety and anxiety which had physical impact on Plaintiff and required medication due to Plaintiff's extreme and outrageous conduct.

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

i. Award Plaintiff: all compensatory damages including consequential and incidental damages as a result of Defendant's wrongdoing in an amount to be determined at trial, no less than $75,001; punitive damages;

ii. Award Plaintiff attorneys fees and costs;

iii. Require Defendant to make a public retraction of all her false statements;

iv. Grant preliminary and permanent injunctive relief to prevent Defendant from making further defamatory remarks;

v. Such further relief this court deems just and proper.

## PRAYER FOR JURY TRIAL

Plaintiff prays for a Jury Trial on all issues so triable.

Submitted this the ___th of October, 2021.

By: /s/Brooke Scott
Brooke Scott
Attorney, NCSB #55391
1111 Consortium Drive Unit 106
Raleigh, NC 27603
Tel: (252)361-2291
Email: bnscott1011@gmail.com