IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00270-MR-WCM

RUPA VICKERS RUSSE     )
                       )
        Plaintiff,     )
                       )    ORDER
v.                     )
                       )
CINDIE HARMAN          )
                       )
        Defendant.     )
_____)

This matter is before the court on Plaintiff's "Motion to Seal, Motion for Gag Order, Motion to Proceed Under Anonymity" (the "Motion to Seal," Doc. 1).

## I. Background

Plaintiff Rupa Vickers Russe ("Plaintiff") filed her Complaint on October 5, 2021. Doc. 3. Plaintiff filed the Motion to Seal and a supporting Memorandum at the same time. Docs. 1, 2.

On October 7, 2021, Plaintiff filed an "Amendment" to her Memorandum. Doc. 4.

## II. Plaintiff's Allegations

In summary, Plaintiff alleges that in July 2020 she "gained the Madison County Democratic Party nomination for, and ran for public office" seeking a seat on the Madison County Board of Commissioners. She further alleges that

1

in October and November 2020, she became aware that Defendant Cindie Harman ("Defendant") had published false statements about Plaintiff on Defendant's public website. She alleges, upon information and belief, that Defendant's defamatory statements about Plaintiff have also been shared via links online through other websites.

Based on these allegations, Plaintiff asserts claims for libel *per se*, libel *per quod*, unfair and deceptive trade practices, and intentional infliction of emotional distress.

### III. Discussion

Through the Motion to Seal, Plaintiff requests that the court "issue a protective order to completely seal this lawsuit, issue a protective Gag Order for all participants and Attorneys in this matter, and for this case to proceed under anonymity… until after a final decision has been rendered by this court." Doc. 1.

In support of this request, Plaintiff states that Defendant has a history of engaging in extreme and outrageous conduct and that Defendant has engaged in numerous improper acts and made numerous improper and false statements about Plaintiff. Plaintiff states that while she "is not concerned with criticism or annoyance, she is exclusively concerned with the injury she, her business, or clients may suffer if [her] motion is denied." Doc. 2 at 9. She further contends that this case constitutes "a unique sensitive private dispute

2

about which the public will gain no benefit in being able to participate while the adjudication of this matter takes place, but [that] great harm to Plaintiff, her business and her innocent non-party clients could occur if the adjudication occurs under the unnecessary public spectacle that Defendant is likely to bring to this proceeding." Id. at 9.

Plaintiff further states that she "reasonably fears she will experience violence, harassment, humiliation or threats by Defendant or by one of the Defendant's supporters…." Id. at 15.

### A. Request for Sealing

As the Local Rules of this district indicate, "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a).

The Motion to Seal discusses Plaintiff's interest in protecting her safety and reputation. However, the public's interest in this litigation is also significant, given that Plaintiff's claims concern statements allegedly made by Defendant about Plaintiff and in opposition to Plaintiff's political candidacy.

Further, Plaintiff's request for sealing is not narrowly tailored but instead seeks the sealing of the entire case. That is, Plaintiff is asking for this litigation to be conducted entirely in secret, with no information being available to the public. The undersigned does not find that sealing on such a sweeping scale is warranted. See Nelson v. Sam's Club, No. 4:10-CV-03020-

3

RBH, 2012 WL 488867, at *1 (D.S.C. Feb. 15, 2012) (request to seal entire case would "infringe too extensively on the public right to access court records"); see also Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) ("The party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.' A party who seeks to seal an *entire* record faces an even heavier burden.") (citation omitted, emphasis in the original).

Proceeding with this matter entirely under seal could also create administrative burdens and other issues for the Clerk of Court's office, counsel, and the parties themselves.

To the extent either party believes it is necessary for specific information or filings to be sealed, motions seeking the sealing of those documents can be made and considered on an individual basis, as contemplated by the Local Rules.

### B. Request for a "Gag Order"

The Fourth Circuit has explained the principles for considering a "gag order" as follows:

> Even among First Amendment claims, gag orders warrant a most rigorous form of review because they rest at the intersection of two disfavored forms of expressive limitations: prior restraints and content-based restrictions. Like all "court orders that actually

4

forbid speech activities," *Alexander v. United States*, 509 U.S. 544, 550, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993), gag orders are prior restraints. Prior restraints bear "a heavy presumption against [their] constitutional validity." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963). Prior restraints upend core First Amendment principles because "a free society prefers to punish the few who abuse rights of speech after they break the law [rather] than to throttle them and all others beforehand." *Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 559, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975).

Similarly, gag orders are presumptively unconstitutional because they are content based. *Nat'l Inst. of Family and Life Advocates v. Becerra*,--- U.S. ---, 138 S.Ct. 2361, 2371, 201 L.Ed.2d 835 (2018) (presumption against content-based restraints). Content-based restrictions target "particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert*, --- U.S. ---, 135 S.Ct. 2218, 2227, 192 L.Ed.2d 236 (2015). Gag orders inherently target speech relating to pending litigation, a topic right at the core of public and community life. But the "government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Ashcroft v. ACLU*, 535 U.S. 564, 573, 122 S.Ct. 1700, 152 L.Ed.2d 771 (2002) (internal quotation marks omitted).

In light of these twin presumptions, gag orders must survive strict scrutiny. *Reed*, 135 S.Ct. at 2226 (strict scrutiny for content-based restrictions). We review orders limiting First Amendment rights *de novo*. *Charlotte Observer*, 882 F.2d at 852. And we require trial courts to support them with reasoning "specific enough to enable the reviewing court to determine" whether the order survives rigorous scrutiny. *Wash. Post Co.*, 807 F.2d at 391; see *State-Record Co.*, 917 F.2d at 129 ("[W]e have required specific reasons and findings on the record, because

5

without such findings, *de novo* review is difficult." (internal citation omitted)).

In re Murphy-Brown, LLC, 907 F.3d 788, 796–97 (4th Cir. 2018).

Here, Plaintiff proposes that the following "gag order" be entered:

> IT IS HEREBY ORDERED ADJUDGED AND DECREED that both Defendant and Plaintiff shall be enjoined from making or causing to be made any statements about the other party, party's business or about this lawsuit, or Attorneys representing clients in this matter, on any website, social media platform, chat-group, physical sign or through electronic or paper written message to any third-parties, including news organizations.

Doc. 1-2.

Plaintiff's request is deficient for a number of reasons. First, Plaintiff fails to explain how the requested order would be an appropriate limitation on Defendant's First Amendment rights. This point is underscored by the fact that the underlying dispute involves alleged speech about Plaintiff in the context of a political campaign.

Second, the need for such an order is not apparent on the current record. Plaintiff has initiated litigation and has alleged wrongful conduct by Defendant, who will have an opportunity to respond to Plaintiff's allegations in an orderly manner within the confines of the judicial process. The undersigned is not persuaded that, based on the current record, it should immediately be presumed that Defendant or others who may oppose Plaintiff's

6

political views will engage in the type of conduct that Plaintiff fears.

Third, the proposed order is not narrowly tailored. "Strict scrutiny also demands that First Amendment restraints be 'narrowly tailored' to serve their intended purpose." In re Murphy-Brown, LLC, 907 F.3d 788, 799 (4th Cir. 2018). Plaintiff's proposed "gag order," however, would impose sweeping and blanket restrictions. By way of example, Plaintiff's proposed order prohibiting a party from making "any statements about the other party, party's business or about this lawsuit" would prevent not only speech that Plaintiff may find harassing, but also speech that is factually correct, routine, and unremarkable.

### C. Request to Proceed Anonymously

Though Plaintiff has filed suit in her own name, she requests leave for "this case to proceed under anonymity," presumably with the parties being referred to as "Plaintiff" and "Defendant" (according to the draft orders she has submitted) and not by their actual names.

The analysis for considering whether to grant leave for a party to appear anonymously was explained recently by Chief Judge Reidinger as follows:

> The Federal Rules of Civil Procedure requires that a civil complaint set forth the "name[s] [of] all the parties." Fed. R. Civ. P. 10(a). The Fourth Circuit has recognized that "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." Doe v. Public Citizen, 749 F.3d 246, 273 (4th Cir. 2014). In weighing whether to permit a party

7

to proceed pseudonymously, the court considers multiple factors including (1) the justification asserted by the requesting party and whether it is to "preserve privacy in a matter of sensitive and highly personal nature" or "merely to avoid the annoyance and criticism that may attend any litigation;" (2) "risk of retaliatory physical or mental harm" because of identification; (3) the age of the party; (4) "whether the action is against a governmental or private party;" and, (5) "the risk of unfairness to the opposing party." Id. (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)). Additionally, because the use of pseudonyms in litigation undermines the public's right of access to judicial proceedings, "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Id., at 274.

JOHN DOE v. LEES-McRAE COLLEGE, et al., No. 1:20-CV-00105-MR, 2021 WL 2673050, at *6 (W.D.N.C. June 29, 2021).

In this case, the relevant factors counsel strongly against allowing the Motion.

Though all litigants have a legitimate interest in their own physical and mental safety, some amount of criticism and annoyance often attends the litigation process. Plaintiff is an adult who chose to enter the political arena and now to file this litigation, asserting claims against Defendant as a result of Defendant's alleged statements and activities concerning Plaintiff and Plaintiff's political campaign.

8

**IT IS THEREFORE ORDERED THAT** Plaintiff's "Motion to Seal, Motion for Gag Order, Motion to Proceed Under Anonymity" (Doc. 1) is **DENIED**.

The Clerk is respectfully **DIRECTED** to **UNSEAL** this matter.

Signed: October 28, 2021

W. Carleton Metcalf
United States Magistrate Judge