| | | |
|---|---|---|
| RUPA VICKERS RUSSE, </br> Plaintiff </br> vs. </br></br> CINDIE HARMAN, </br> Defendant | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | Docket No.: 1:21cv270 |

# ANSWER AND DEFENSES

COMES NOW Defendant Cindie Harman, by and through her attorney of record, Rich Cassady, Esquire, of the Law Office of Rich Cassady, P.L.L.C., and files this, her Answer and Defenses to Plaintiff's Complaint. Defendant raises the following Defenses and Answer, paragraph-by-paragraph, to the Complaint:

## DEFENSES

I. **Rule 12(b) Defenses**.

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure Defendant moves this Court to dismiss Plaintiff's Complaint for:

(1) Lack of Subject Matter Jurisdiction
(2) Lack of Personal Jurisdiction
(4) Insufficient process
(5) Insufficient service of process
(6) Failure to state a claim upon which relief can be granted.

II. **In the Alternative, Rule 55 Motion to Set Aside Entry of Default**.

Defendant only recently learned of Plaintiff's filing of her "Certificate of Service," Document 18, on February 9, 2022. Plaintiff filed her "Affidavit," Document 19, on February 24, 2022, and "Motion for Entry of Default," Document 20, on February 25, 2022.

Pursuant to Rule 12 of the North Carolina Rules of Civil Procedure, Defendant has twenty-one (21) days after being served with the summons and complaint in which to file an answer. Defendant believes this clock began on February 9, 2022, with Plaintiff's filing of her Certificate of Service. Therefore, the clerk should not enter an Entry of Default pursuant to Rule 55, as the time in which to file a responsive pleading has not yet passed.

1

In the alternative, however, Defendant moves this Court to set aside any entry of default that may be entered by the clerk on or after Monday, February 28, 2022, as Defendant has now clearly evinced an intent to defend this lawsuit and filed this Answer and Defenses. Plaintiff cannot have suffered any prejudice to the granting of this requested relief as, obviously, no such entry of default has yet been entered, and defaults are disfavored in law.

III. **Rule 17(a)(3) Failure to Join Real Party in Interest**.

Plaintiff has sued Defendant in her individual capacity. Her Complaint, however, acknowledges Defendant's website, www.savemadisoncounty.org, was the vehicle by which these allegedly defaming statements were published. This website is the property of Save Madison County, NC, L.L.C. which has not been made a party to this lawsuit.

## ANSWER

1. Denied.
2. Denied.
3. Admitted.
4. Denied.
5. Denied.
6. Paragraph 6 does not require an answer of Defendant; however, out of an abundance of caution, the same is denied.
7. Paragraph 7 does not require an answer of Defendant; however, out of an abundance of caution, the same is denied.
8. Denied.
9. Denied.
10. Denied as written. The website in question is the property of Save Madison County, NC, L.L.C.
11. Denied.
12. Denied.
13. Denied.
14. Denied.
15. Denied.
16. Denied.

17. Denied.
18. Denied.
19. Admitted.
20. Denied.
21. Denied.
22. Denied.
23. Denied.
24. Denied.
25. Denied.
26. Denied.
27. Denied.
28. Denied.
29. Denied.
30. Paragraph 30 does not require an answer of Defendant; however, out of an abundance of caution, the same is denied.
31. Denied.
32. Denied.
33. Denied.
34. Denied.
35. Denied.
36. Paragraph 36 does not require an answer of Defendant; however, out of an abundance of caution, the same is denied.
37. Denied.
38. Denied.
39. Denied.
40. Denied.
41. Denied.
42. Denied.
43. Denied.
44. Paragraph 44 does not require an answer of Defendant; however, out of an abundance of caution, the same is denied.

45. Denied.
46. Denied.
47. Denied.
48. Denied.
49. Denied.
50. Paragraph 50 does not require an answer of Defendant; however, out of an abundance of caution, the same is denied.
51. Denied.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Unnumbered paragraph, beginning "WHEREFORE," is denied.

Having now answered Plaintiff's Complaint Defendant moves this Court to dismiss Plaintiff's Complaint.

RESPECTFULLY SUBMITTED this, the 26th day of February 2022.

BY: CINDIE HARMAN, Defendant

BY: THE LAW OFFICE OF RICH CASSADY

BY: s/Rich Cassady, Esquire
NC Bar # 35821
Attorney for Defendant
The Law Office of Rich Cassady, PLLC
672 Highlands Road
Post Office Box 2033
Franklin, North Carolina 28744-2033
(828) 634-4132
(828) 634-7032 (fax)
rich@cassadylaw.net

## CERTIFICATE OF SERVICE

I certify that on February 26, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such to the following: Brooke Scott, Esquire, at bnscott1011@gmail.com