IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00270

| Rupa Vickers Russe | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S FED. R. CIV. P. 60 |
| v. | ) | MEMORANDUM |
| | ) | |
| Cindie Harman, | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff pursuant to Fed. R. Civ. P. 60(b)(1), an Order of the court may relieve a party when "a mistake" was made; and pursuant to Fed. R. Civ. P. 60(b)(3), an Order of the court may relieve a party when "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" is shown.

## Legal Standard

"[U]nder Rule 55(a), the clerk enters a party's default when that party "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a)". FDIC v. Danzig, No. 93-1294, 1993 U.S. App. LEXIS 30081, at *5 n.5 (4th Cir. Nov. 22, 1993).

## Argument

*Date Answer Due By*

Fed. R. Civ. P. 12(a)(1)(A) states, "[a] defendant must serve an answer: (i) within 21 days after being served with the summons and complaint." When served, pursuant to Fed. R. Civ. P. 4(e), by N.C. Civ. P. 4(J1)'s Notice by Publication, Defendant had "40 days after a date stated in the notice" to respond or "the party seeking service of process by publication will apply to the court for the relief sought." The State statute extends the service from 21 days to 40 days, from the day following the first date of publication, which was on 01/12/22. Therefore, 40 days governs, and the date Defendant's answer was due was 02/22/22. Should Fed. R. Civ. P. 12(a)(1)(A) govern, Defendant had 21 days from publication to answer. If that occured on the 1st date of publication, on 01/12/22, then Defendant's answer was due on 02/02/22. Alternatively, if the answer was due 21 days after the last date of publication, on 01/26/22, then the Defendant's Answer was due on 02/16/22. Under calculation by any of these rules, Defendant's first appearance and Answer was filed after the latest date Defendant could have filed their Answer; and after Plaintiff had already filed her Motion for Entry of Default and accompanying Affidavit. Therefore Plaintiff is entitled to a grant of her Motion for Entry of Default pursuant to Fed. R. Civ. P. 55(a).

*Court Mistake*

In the present matter, the Court erred in denying as moot Plaintiff's Motion for Entry of Default, as the Plaintiff had met the statutory requirements that the Clerk "must" enter Default upon a showing and presentation of an Affidavit that the Defendant had not returned an Answer during the time within which Defendant was required to. In this case, the time in which the Defendant was to respond was statutorily prescribed in N.C. R. Civ. P. 4(J1), which required Defendant to respond within 40 days of the date listed in the Notice by Publication, which was mailed to Defendant on 01/08/22, such date being by 02/22/22. *Supra "Date Answer Due By"*, p. 3.

Both Fed. R. Civ. P. 55(a) and N.C. R. Civ. P. 4(J1) contain strict statutory requirements that, if met, require the Court's Clerk to enter Default. Should the Plaintiff thereafter pursue Default Judgment, the Defendant is afforded an opportunity to then respond, rebut, and show "good cause" for why they failed to answer within the statutorily required period of time. However, the record of Defendant's Default is ministerial and not discretionary, and "must" be entered if the statutory elements are met.

In this case, the Defendant failed to answer prior to 02/22/22, as required by statute N.C. R. Civ. P. 4(J1), and only answered after Plaintiff's motion for Entry of

Default was filed.[1] As such, Defendant's Answer was filed after the statute required, and Plaintiff is entitled to Entry of Default.

Additionally, Defendant's conduct to date indicates her bad faith and dilatory disrespect to this court's adjudication of this matter:

i. Defendant admits in her answer that she "19. [ . . . ] had knowledge of how to access the public records on the Western North Carolina District Court's website." DOC 22.

ii. Defendant is quoted in a news article published on 12/17/21 that she "saw the suit when someone pulled it off of the PACER system for her." DOC 12-1. Defendant's knowledge of how to access public documents coupled with her knowledge of the lawsuit in December 2021 indicate Defendant acted in bad faith by failing to respond within the statutory time even though she had actual notice of the lawsuit, and then by failing to have her Attorney enter a notice of appearance or Answer until after her answer was due. DOC 18.

iii. Defendant has avoided six personal attempts at service on her. After posting the entire complaint on her website and a link to an October blog post on her website about this lawsuit in December 2021,

---

[1] Plaintiff will withhold her arguments related to the extensive evidence showing Defendant's history of dilatory and contumacious attitude towards this Court's jurisdiction, but does request the Court review DOCS 12-1, 7-1, 7-2, 15, 18.

Defendant lied in person to a civil server about her identity in order to avoid service. Defendant failed to schedule a convenient time for her to be served with the Madison County Sheriff's Department, after the Sheriff's Department notified Defendant's husband, whom she lives with at her residence on record, by email about their attempts to serve Defendant.

  iv. Defendant has bragged on her website and in a news article that she had not been served; and only after Plaintiff's Motion for Entry of Default was filed did she then answer and appear through counsel.

Plaintiff will be prejudiced by the court's failure to enter default for the following reasons:

a. Procedurally, the record should properly reflect Defendant's failure to respond. Should the decision at trial be appealed, the record showing Defendant's delayed answer will be a consideration before the Court of Appeals that Plaintiff should have a record of.

b. Defendant should not benefit from this court's largesse under the circumstances, as the recorded attempts at service of the Defendant evidences a disrespect for this court's jurisdiction that has prejudiced the Plaintiff who has had to undertake extensive expense and efforts to serve a

Defendant, and who has not shown disrespect to this court regarding its jurisdictional or procedural requirements.

c. Plaintiff has incurred costs for her Attorney to file the Entry of Default Affidavit, to file her Motion for Entry of Default, and now for this response.

d. Based on Defendant's history of dilatory behavior thus far in this case, and following her seemingly intentional failure to answer by the statutorily mandated date of 02/22/22, which Defendant states in she was aware of as she saw Plaintiff's Certificate of Service filing from 02/09/22, [DOC 18-2], Plaintiff contacted multiple individuals in anticipation of the next required step of filing the Motion for Default Judgment, to gain their testimony regarding damages, this included multiple residents of Madison County, and contacting individuals who would serve as expert witnesses on the economic damages in this case.

e. Defendant's actions to avoid service have cost Plaintiff unreasonable extra costs and time to effectuate service on Defendant, who has a duty under F.R. Civ. P. 4(d)(1) and 4(e), "to avoid unnecessary expenses of serving the summons."

f. Fed. R. Civ. P. 55(a) is clear that the default *must* be entered if the Defendant failed to respond by the date on which the statute states the answer was due, and that failure is shown by Affidavit. Defendant has failed to answer when

required, and Plaintiff's Attorney filed her affidavit showing Defendant's failure to respond on 02/25/22, prior to Defendant filing her Answer or her Attorney filing his notice of appearance.

For these reasons, Plaintiff respectfully requests this Court reconsider its denial of Plaintiff's Motion for Entry of Default.

BY: */s/Brooke Scott*
Brooke Scott
*Attorney for Plaintiff*
N.C. State Bar No.: 55391
2428 Bay Harbor Drive
Raleigh, NC 27604
Tel: (252)361-2291
Email: bnscott1011@gmail.com