**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00270-MR-WCM**

| | |
|---|---|
| **RUPA VICKERS RUSSE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **O R D E R** |
| | ) |
| **CINDIE HARMAN,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Plaintiff's "Fed. R. Civ. P. 60

Motion" [Doc. 23], which the Court construes as a motion for

reconsideration.[1]

The Plaintiff initiated this action on October 5, 2021, against the

Defendant Cindie Harman. [Doc. 3]. In January 2022, the Plaintiff moved

_____

[1] The Plaintiff moves for relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure, which allows a party to seek relief from a final judgment or order based upon the "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The Plaintiff's motion is procedurally improper, as the Court's text order was not a "final order" within the meaning of Rule 60. Further, the Plaintiff has not presented any argument, much less evidence, of any fraud, misrepresentation, or misconduct on the part of the Defendant. The motion, therefore, does not appear to be presented for a proper purpose or warranted by existing law. See Fed. R. Civ. P. 11(b). The Plaintiff (who is an attorney) and her counsel are both admonished that all future filings in this case must conform with the requirements of Rule 11, and that future improper filings may be stricken or may subject counsel to sanctions.

for an extension of time within which to serve process on the Defendant. [Doc. 12]. The Magistrate Judge granted the Plaintiff's motion, giving her until March 4, 2022, to complete service. [Doc. 16]. On February 24, 2022, the Plaintiff filed an Affidavit of Service, indicating that the Defendant had been served. [Doc. 19]. On February 25, 2022, the Plaintiff moved for the entry of default as to the Defendant. [Doc. 20]. The following day, which was a Saturday, counsel made an appearance on behalf of the Defendant and filed an Answer to the Plaintiff's Complaint. [Doc. 22]. Thereafter, the Court entered a Text-Only Order denying the Plaintiff's motion for entry of default as moot. [See Text-Only Order entered Feb. 28, 2022].

The Plaintiff now moves the Court to vacate its February 28th Order. For grounds, the Plaintiff argues that because the Defendant failed to answer within the time required by the Federal Rules of Civil Procedure, the Plaintiff is "statutorily allowed entry of Default." [Doc. 23].

The Plaintiff is technically correct that Rule 55(a) requires the clerk to enter default upon a showing that a party has failed "to plead or otherwise defend." See Fed. R. Civ. P. 55(a). However, the Fourth Circuit has cautioned that defaults are disfavored, and that claims and defenses should be decided on their merits. Colleton Prep. Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). Accordingly, if a "defendant appears

2

and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default." 10A Charles A. Wright et al., Federal Practice and Procedure § 2682 (4th ed.). A court may decline to enter a default even if the defendant has failed to take defensive action within the time prescribed by the Federal Rules of Civil Procedure. See Geyer v. U.S. Van Lines, No. CIV.A. 2:12-04678, 2013 WL 65458, at *4 (S.D.W. Va. Jan. 4, 2013) ("[A]n untimely defensive action does not necessitate entry of default, particularly in the absence of prejudice to the movant.").

Here, although there may have been a delay in the Defendant's response to the Complaint, the Defendant answered the Complaint within a day of the motion for entry of default being filed. The Defendant clearly has demonstrated an intent to defend this action. Further, the Plaintiff has not identified any prejudice that she would suffer by allowing the case to go forward and having the parties' respective claims and defenses decided on their merits.[2] The Plaintiff's motion for reconsideration is therefore denied.

---

[2] Even if the Plaintiff were correct, and an entry of default was statutorily required, the Court has discretion to set aside the entry of default, thereby rendering the entry of default a nullity. See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204 (4th Cir. 2006). Therefore, the relief that the Plaintiff seeks—the vacatur of the Court's Order so that an entry of default can be made—appears to be an exercise in futility and a waste of both counsel's and the Court's time.

3

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Fed. R. Civ. P. 60 Motion" [Doc. 23], which the Court construes as a motion for reconsideration, is **DENIED**.

**IT IS SO ORDERED**.

Signed: March 22, 2022

Martin Reidinger
Chief United States District Judge