IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00270-MR-WCM

RUPA VICKERS RUSSE,            )
                               )
           Plaintiff,          )
                               )
v.                             )           ORDER
                               )
CINDIE HARMAN                  )
                               )
           Defendant.          )
_____)

This matter is before the Court *sua sponte*.

A court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt").

Plaintiff currently has pending three matters before this Court: (1) Russe, et al v. United States of America, No. 1:20-cv-00092-MR-WCM; (2) Russe v. Harman, No. 1:21-cv-00270-MR-WCM; and (3) Russe v. Madison County Sheriff's Department et al, No. 1:22-cv-00221-MR-WCM. In Russe v. US and Russe v. Madison County Sheriff's Department, subject matter jurisdiction is based on federal question jurisdiction. Jurisdiction in the instant case, though, is based on diversity pursuant to 28 U.S.C. §1332.

1

Plaintiff filed her Complaint in this case on October 5, 2021, alleging that she ran for public office in Madison County, North Carolina in 2020, and that she became aware of Defendant's allegedly defamatory statements in October 2020 and November 2020. Doc. 3 at ¶¶ 8, 9. Plaintiff also alleges that Defendant is a resident of North Carolina, and that Plaintiff is a resident of Virginia. Id. at ¶¶ 2, 3.

On October 19, 2022, Plaintiff filed Russe v. Madison County Sheriff's Department. There, Plaintiff alleges that she has been a resident of Virginia since October 2021. No. 1:22-cv-00221-MR-WCM, Doc. 1 at ¶ 6. However, the complaint also appears to reference events that allegedly occurred in North Carolina in October of 2022. Id. at ¶ 12 ("Approximately one month prior to October 19, 2022 Ms. Russe and her then 16 year old minor daughter had a dispute over the minor daughter's use of her cell phone."). Other portions of the record in Russe v. Madison County Sheriff's Department indicate the references to 2022 may be typographical errors. See e.g., Doc. 4-1 at 8 ("Plaintiff filed her complaint on October 19, 2022, three years from the date the incident subject to this lawsuit occurred.").

In the instant case, the undersigned has thus far accepted Plaintiff's allegations regarding the citizenship of the parties. However, after additional review of this case and Plaintiff's filings in Russe v. Madison County Sheriff's Department, and as Plaintiff was presumably a citizen of North Carolina in

2020 (given that she ran for public office here at the time), the undersigned concludes that additional information should be provided regarding's Plaintiff's domicile at the time this matter was filed, in order for the Court to confirm that subject matter jurisdiction exists.

In that regard, to be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State. Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 828 (1989). Domicile requires physical presence, coupled with an intent to make the State a home. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); Jahed v. Acri, 468 F.3d 230, 236 (4th Cir. 2006). "For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." Brissett v. Wells Fargo Bank, N.A. for Certificate Holders of Carrington Mortg. Loan Tr., Series 2007-Frel, No. 4:17-CV-114-FL, 2017 WL 6368667, at *2 (E.D.N.C. Dec. 13, 2017) (quoting Johnson v. Advance Am., 549 F.3d 932, 937 n.2 (4th Cir. 2008)).

When a party's citizenship is in question, a court must consider several factors when determining a party's citizenship including voter registration, location of property, location of current residence, bank accounts, church affiliation, place of employment, and location where taxes are paid. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017); see also Mecklenburg County v. Time Warner Entertainment-Advance/Newhouse Partnership, No. 3:05cv333-MR, 2010 WL 391279, at *5 (W.D.N.C. Jan. 26,

3

2010) ("In determining citizenship and domicile, a court may consider such factors as the place in which the individual actually resides, does business, pays taxes, receives mail, has a driver's license registered, has an automobile registered, has title to and ownership of real and personal property, has a telephone listing, pays for utilities, conducts banking, carries on a social life and exercises political rights").

Accordingly, the Clerk is respectfully directed to schedule a hearing in this matter. Plaintiff and/or her counsel should be prepared to address at that hearing the issue of Plaintiff's domicile at the time this case was filed.

It is so ordered.

Signed: January 19, 2023

W. Carleton Metcalf
United States Magistrate Judge