IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00270-MR-WCM

| RUPA VICKERS RUSSE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **MEMORANDUM OF DECISION AND ORDER** |
| CINDIE HARMAN, | ) ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER** is before this Court on Defendant's Motion for Attorneys' Fees [Doc. 86] and Plaintiff's Motion to Seal Financial Records [Doc. 90].

**I.   BACKGROUND**

On October 5, 2021, Rupa Vickers Russe ("Plaintiff") filed this action against Cindie Harman ("Defendant"). [Doc. 3]. In her Complaint, Plaintiff asserted claims against Defendant for libel per se, libel per quod, unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 ("Chapter 75"), and intentional infliction of emotional distress. [Id. at ¶¶ 30-55]. On January 6, 2023, Defendant moved for summary judgment with respect to all of Plaintiff's claims. [Doc. 65]. On July 12, 2023, this Court granted

Defendant's Motion for Summary Judgment and dismissed all of Plaintiff's claims with prejudice. [Doc. 84].

As the prevailing party, on July 26, 2023, Defendant filed a Motion for Attorneys' Fees, along with a Memorandum in Support. [Doc. 86; Doc. 86-1]. Plaintiff filed her Response in Opposition on August 9, 2023 [Doc. 87], and Defendant filed her Reply on August 16, 2023 [Doc. 91]. Having now been fully briefed, this matter is ripe for disposition.[1]

## II. DISCUSSION

Defendant contends that she is entitled to an award of attorneys' fees under N.C. Gen. Stat. § 75-16.1, arguing that "Plaintiff's Unfair and Deceptive Trade Practice claim was frivolous and malicious," and under N.C. Gen. Stat. § 1D-5, arguing that "Plaintiff's punitive damages claim was frivolous." [Doc. 86 at 2]. This Court will discuss both arguments in turn.

### A. Attorneys' Fees Under N.C. Gen. Stat. § 75-16.1

N.C. Gen. Stat. § 75-16.1 provides that "[i]n any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1., the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party." As relevant here,

---

[1] While Defendant's Motion for Attorneys' Fees [Doc. 86] was pending, Plaintiff filed a motion asking this Court to allow her to file her financial records under seal. [See doc. 90]. As these documents are irrelevant to this Court's analysis herein, this motion will be denied as moot.

2

attorneys' fees may be awarded "upon a finding by the presiding judge that . . . [t]he party instituting the action knew, or should have known, the action was frivolous and malicious." N.C. Gen. Stat. § 75.16.1(2).

Under North Carolina law, a claim brought pursuant to Chapter 75 "is frivolous if a proponent can present no rational argument based upon the evidence or law in support of [it]. A claim is malicious if it is wrongful and done intentionally without just cause or excuse or as a result of ill will." Greensboro Scuba Sch., LLC v. Robertson, 776 S.E.2d 363 (N.C. Ct. App. 2015) (unpublished table decision) (citing Blyth v. McCrary, 646 S.E.2d 813, 819 n.5 (N.C. Ct. App. 2007)). However, "[e]ven if the[se] requirements are met, an award of attorney[s'] fees under N.C. Gen. Stat. § 75-16.1 is in the trial court's discretion." Evans v. Full Circle Prods., 443 S.E.2d 108, 110 (N.C. Ct. App. 1994).

Chapter 75 declares "[u]nfair methods of competition in or affecting commerce" unlawful. N.C. Gen. Stat. § 75-1.1(a). However, the statute plainly provides that "'commerce' . . . does not include professional services rendered by a member of a learned profession." § 75-1.1(b). In interpreting this limitation, the North Carolina Court of Appeals has clearly held that "professional services rendered by an attorney in the course of his business are exempt under the statute and may not form the basis of an unfair and

deceptive trade practices claim." Boyce & Isley, PLLC v. Cooper, 568 S.E.2d 893, 902 (N.C. Ct. App. 2002). As such, Plaintiff's Chapter 75 claim was entirely without merit. Indeed, this Court granted Defendant's Motion for Summary Judgment as to Plaintiff's Chapter 75 claim based on Boyce. [See doc. 84 at 48–49]. Plaintiff—an attorney—relied upon Boyce extensively in her filings with this Court and as such, she should have realized that its holding plainly foreclosed her Chapter 75 claim. [See, e.g., doc. 72-1 at 6, 11–12, 27; doc. 76 at 3, 16]. Therefore, this Court concludes that Plaintiff's Chapter 75 claim was frivolous and that she should have realized that.[2]

Having determined that Plaintiff's Chapter 75 claim was frivolous, this Court will now address whether it was brought maliciously. Defendant argues that Plaintiff's maliciousness can be inferred because she continued to pursue the claim after it should have become apparent that it was without merit. [Doc. 86-1 at 8]. While maliciousness can become apparent during litigation where a party persists after discovering that their claim is meritless,

---

[2] Plaintiff contends that Defendant and this Court misunderstand Boyce and alternatively, that "[i]nartful legal arguments are not evidence of knowledge of frivolousness nor maliciousness" and that "[a]ny errors in articulating legal arguments in this case stem from Plaintiff and Plaintiff's Attorney lack of experience in civil lawsuits." [Doc. 87 at 2 n.2 (sic), 9]. However, Plaintiff's relative lack of experience in litigating civil matters does not undermine this Court's conclusion that she should have realized that her Chapter 75 claim was baseless. Courts have recognized that "[i]nexperienced or incompetent attorneys are not held to a lesser standard." Letren v. Trans Union, LLC, No. PX 15-3361, 2017 WL 4098743, at *6 (D. Md. Sept. 15, 2017) (discussing Rule 11 sanctions). As such, if Plaintiff chooses to litigate civil matters—despite her inexperience—she will not be held to a lesser standard.

Defendant has offered no evidence that Plaintiff actually realized, prior to this Court's Summary Judgment Order [Doc. 84], that her claim was legally insufficient.[3] See Laschkewitsch v. Legal & Gen. Am., Inc., No. 5:15-CV-251-D, 2017 WL 4976442, at *2 (E.D.N.C. Nov. 1, 2017) (finding a claim to have been brought maliciously where multiple courts had previously rejected the same claims). This is not the sort of case where Plaintiff's exact arguments had been rejected repeatedly previously. In fact, Defendant's argument as to maliciousness is really just a second iteration of her argument that Plaintiff's Chapter 75 claim was frivolous. While this Court agrees that the claim was without merit, this "does not render it . . . malicious." Am. First Fed., Inc. v. Zaria Props., LLC, No. 3:15-cv-00404-FDW-DSC, 2017 WL 2662985, at *6 (W.D.N.C. June 20, 2017). Absent any evidence of maliciousness, this Court will exercise its broad discretion and deny Defendant's Motion for Attorneys' Fees under N.C. Gen. Stat. § 75-16.1.

b.  **Attorneys' Fees Under N.C. Gen. Stat. § 1D-45**

Defendant argues she is entitled to an award of fees under N.C. Gen. Stat. § 1D-45 because Plaintiff's claim for punitive damages was frivolous. [Doc. 86-1 at 9]. Under that section, "[t]he court shall award reasonable

---

[3] Plaintiff submitted an affidavit providing that "[t]his Court's 07/12/23 opinion granting summary judgment is the first time [she] . . . heard that [her] interpretation [of Boyce] might be wrong." [Doc. 88 at 3]. This is evidence that Plaintiff did not in fact realize, at least prior to this Court's Order, that her Chapter 75 claim was without merit.

5

attorneys' fees, resulting from the defense against the punitive damages claim, against a claimant who files a claim for punitive damages that the claimant knows or should have known to be frivolous or malicious." "[A] claim for punitive damages is 'frivolous' where its proponent can present no rational argument based upon the evidence or law in support of it." Philips v. Pitt Cnty. Mem'l Hosp., Inc., 775 S.E.2d 882, 884 (N.C. Ct. App. 2015).

To state a claim for punitive damages, in addition to establishing the defendant's liability for compensatory damages, the plaintiff must establish an aggravating factor, such as fraud, malice, or willful and wanton conduct. See N.C. Gen. Stat. § 1D-15. However, even where the technical requirements of the statute might be met, North Carolina courts have exercised discretion in denying attorneys' fees where "the punitive damages claim did not appear to independently influence the course of litigation." McKinnon v. CV Indus., Inc., No. 09 CVS 830, 2012 WL 2107119, at *11 (N.C. Bus. Ct. June 11, 2012).

Here, there is nothing indicating that Plaintiff's claim for punitive damages influenced the course of this litigation. Specifically, Plaintiff's request for punitive damages was not presented as a separate claim, but rather as a boilerplate line in her Complaint's Prayer for Relief, [see doc. 3 at 14], and Defendant did not address punitive damages in her Motion for

Summary Judgment. [See doc. 65]. Further evidencing this point, none of the billing records of Defendant's attorneys even reference Plaintiff's claim for punitive damages. In fact, it does not appear that the issue of punitive damages has been litigated at all. Accordingly, this Court concludes that to the extent Plaintiff pled a claim for punitive damages, it has not impacted this litigation. Therefore, in its discretion, this Court will deny Defendant's Motion for Attorneys' Fees under N.C. Gen. Stat. § 1D-45.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Attorneys' Fees [Doc. 86] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal Financial Records [Doc. 90] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge